UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**KENNETH TEEM**, personal representative for
Luby C. Teem, deceased,

        Plaintiff,

        v.

**CHANCE E. DOUBRAVSKY**; and **DENNIS
E. BEEKS**, dba **DENNIS E. BEEKS
TRUCKING**,

        Defendants.

Case No. 3:15-cv-00210-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

In August 2013, defendant, Chance E. Doubravsky ("Doubravsky"), was driving a commercial log truck owned by defendant, Dennis E. Beeks, dba Dennis E. Beeks Trucking ("Beeks"), when the truck tipped, spilling logs into the roadway that struck the vehicle driven by Luby C. Teem ("Mrs. Teem"), killing her. Plaintiff, Kenneth Teem ("Teem"), the personal representative for the estate of his late wife, filed this wrongful death action under ORS 30.020 against defendants in Multnomah County Circuit Court on October 16, 2014. Notice of Removal (docket #1), Ex. 1.

1 – FINDINGS AND RECOMMENDATION

On February 6, 2015, defendants timely removed the case to this court based on diversity jurisdiction under 28 USC § 1332 because defendants are both citizens of Washington, Mrs. Teem was a citizen of Oregon before her death,[1] and Teem alleges damages in excess of $75,000.00.  Notice of Removal, p. 3.[2]

Teem has filed a Motion for Remand (docket #6), contending that 28 USC § 1445(c) precludes removal to federal court of civil actions arising under state workers' compensation laws.[3]  For the reasons set forth below, Teem's Motion to Remand should be denied.

## ALLEGATIONS

On behalf of Mrs. Teem's beneficiaries, this action is brought "pursuant to ORS 30.020," Oregon's wrongful death statute.[4]  *Id*, ¶ 3.  On or about August 19, 2013, at the request of her employer, Legacy Auto Group, Inc. ("Legacy"), Mrs. Teem was driving a 1999 Mercedes Benz 320 sedan ("Mercedes") from a dealership in La Grande, Oregon to another in Fife, Washington.  Complaint, ¶ 8.  She was driving westbound on Oregon Road 204.  *Id*, ¶ 9.  At the same time, Doubravsky was driving Beeks's commercial log truck eastbound on Oregon Route 204 when the truck tipped over, causing the load of logs to break loose and cascade across the westbound

---

[1] "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  28 USC § 1332(c)(2).

[2] Under 28 USC § 1446(b)(3), grounds for removal were created on January 29, 2015, by the state court's dismissal of State of Oregon, less than 30 days before defendants removed the case.  Notice of Removal, Ex. 2.  Defendants received notice of the dismissal that same day.  *Id*, p. 3.

[3] Teem also filed a Motion for Summary Judgment (docket #4), which the court stayed by Order dated February 12, 2015 (docket #7).

[4] ORS 30.020 provides as follows:
> When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, . . . may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission.

lane. *Id.* One or more logs impacted the Mercedes that Mrs. Teem was driving, and another log penetrated the windshield, entering the cabin above the steering wheel. *Id*. As a direct and foreseeable result of the accident, Mrs. Teem sustained multiple injuries that were ultimately fatal. *Id*, ¶ 11. At the time of the accident, Doubravsky was acting in the course and scope of his employment with Beeks. *Id*, ¶ 10.

At that time and prior to her death, Mrs. Teem experienced conscious physical and mental pain and suffering, disability, and stress, resulting in non-economic damages not to exceed $1,500,000.00. *Id*, ¶ 11. Mrs. Teem's estate has incurred necessary charges for medical services, burial services, and memorial services in an amount not to exceed $100,000.00 and lost wages and income in an amount not to exceed $100,000.00. *Id*, ¶¶ 12-13. In addition, Mrs. Teem's spouse and children have suffered from the loss of society, support, companionship and services in an amount not to exceed $2,500,000.00. *Id*, ¶ 14.

The Complaint alleges that Mrs. Teem's death was caused in whole or substantial part by the negligence of Doubravsky (First Claim) and Beeks (Second Claim) on several grounds, including the failure to maintain a proper lookout, the failure to maintain proper control over the truck, traveling at an excessive speed, the failure to properly maintain and repair the brakes and brake linings on the truck, and the failure to train Doubravsky in operation of the truck. *Id*, ¶¶ 16, 19–20. The Third Claim alleging negligence by the Oregon Department of Transportation (*id*, ¶¶ 22–25) was dismissed in state court prior to removal. Notice of Removal, Ex. 2.

## **STANDARDS**

Civil actions filed in state court may be removed if the federal court has original jurisdiction over the action. 28 USC § 1441(a). The Ninth Circuit strictly and narrowly construes the removal statute and "any doubt about the right of removal requires resolution in

3 – FINDINGS AND RECOMMENDATION

favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F3d 1241, 1244 (9th Cir 2009), quoting *Gaus v. Miles, Inc.* 980 F2d 564, 566 (9th Cir 1992).  The party seeking removal "'always has the burden of establishing that removal is proper.'" *Id*, quoting *Gaus*, 980 F2d at 566.

## FINDINGS

Arguing that this action arises under the Oregon Workers' Compensation Law, ORS 656.001–.855, Teem seeks remand to state court pursuant to 28 USC § 1445(c) which bars the removal of a state court action "arising under the workmen's compensation laws of such State."  This court finds that this action does not allege claims "arising under" the Oregon Workers' Compensation Law.

Because the removal statutes are intended to have uniform nationwide application, the issue of whether Teem's claims "arise under" Oregon's Workers' Compensation Law is a matter of federal law.  *See Grubbs v. Gen. Elec. Credit Corp.*, 405 US 699, 705 (1972) (federal law governs construction of removal statutes).  "'[A] state could not prevent the removal of a tort case by labeling its common law of torts a workers' compensation law.'" *Arthur v. E.I. DuPont de Nemours & Co.*, 58 F3d 121, 125 (4th Cir 1995), quoting *Spearman v. Exxon Coal USA, Inc.*, 16 F3d 722, 724 (7th Cir 1994).  "Likewise, a state 'could not encourage removal of a tort case by labeling a claim arising under its workers' compensation laws an independent common-law tort.'" *Id*, quoting *Spearman*, 16 F3d at 724.  Instead, § 1445(c) "must be construed as setting up its own criteria, irrespective of local law, for determining in what instance suits," may not be removed.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 US 100, 104 (1941) (citation omitted).

The Ninth Circuit has offered guidance on how to determine whether an action arises under a state's workers' compensation scheme for the purpose of original jurisdiction.  *U.S. Fid.*

*& Guar. Co. v. Lee Invs. LLC*, 641 F3d 1126, 1132 (9th Cir 2011) (a claim does not "arise under" a workers' compensation law if it "did not involve an adjudication of the Employee's workers' compensation benefits").  However, the Ninth Circuit has not directly addressed when a removed action involves claims "arising under" a state workers' compensation law in § 1445(c).

Other circuits agree that "arising under" in § 1445(c) has the same meaning as "arising under" in 28 USC § 1331 governing federal question jurisdiction.  *Reed v. Heil Co.*, 206 F3d 1055, 1059 (11th Cir 2000); *Humphrey v. Sequentia, Inc.*, 58 F3d 1238, 1245–46 (8th Cir 1995); *Jones v. Roadway Express, Inc.*, 931 F2d 1086, 1092 (5th Cir 1991).  To determine whether a claim arises under federal law for the purpose of applying the federal jurisdictional statutes, 28 USC §§ 1331 and 1441, the United States Supreme Court has stated that:

> a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.  The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.

*Gully v. First Nat'l Bank*, 299 US 109, 112 (1936).

District courts have adopted this framework to analyze claims allegedly "arising" under state workers' compensation laws.  *Hanna v. Fleetguard, Inc.*, 900 F Supp 1110, 1116 (ND Iowa 1995); *see also Beaver v. NPC Int'l Inc.*, 451 F Supp2d 1196, 1200 (D Or 2006) ("a claim will arise under Oregon's workers' compensation laws only if it is necessary to interpret those laws to resolve the claim").

There is no dispute that Teem is entitled to recover workers' compensation benefits through the insurance purchased by Mrs. Teem's employer.  However, the claims in this action do not seek to recover workers' compensation benefits against Mrs. Teem's employer, but seek

5 – FINDINGS AND RECOMMENDATION

damages from third parties.  Pursuant to ORS 656.154, a worker or her beneficiary has the right to sue a third party for injuries caused to the worker during the course and scope of employment:

> If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker, or if death results from the injury, the spouse, children or other dependents, as the case may be, may elect to seek a remedy against such third person.

If an injured worker or her beneficiary elects to sue a third person to recover damages, then the employer's workers' compensation insurer has a lien against that cause of action for any benefits paid on behalf of the employer.  ORS 656.576-.596.

Teem argues that his claims in this action arise under the Oregon Workers' Compensation Law because ORS 656.154, which permits an injured worker "to seek a remedy against" a third party, provides the exclusive remedy for injured workers,  However, Teem's argument is premised on a misinterpretation of the Oregon Workers' Compensation Law.

In 1958 when Congress passed § 1445(c), "the ordinary meaning of 'workmen's compensation laws' in 1958 was this:  a statutorily created insurance system that allows employees to receive fixed benefits, without regard to fault, for work-related injuries." *Arthur*, 58 F3d at 125 (claim brought subject to a "deliberate intention" exception was not a claim "arising under" West Virginia's workers' compensation system).  The provision relied on by Teem, ORS 656.154, is embedded in the Oregon Workers' Compensation Law along with other provisions that provide employees with fixed benefits, without regard to fault, for work-related injuries.  *See, e.g.*, ORS 656.012(2), .017.  Similar to these other provisions, ORS 656.154 has the objective of compensating employees for their physical injuries and lost wages from work-related accidents.  Yet, despite its objective and placement in Oregon's statutory scheme, ORS 656.154 "has none of the administrative, no-fault characteristics associated with a workers'

compensation claim." *Arthur*, 58 F3d at 127.  A claim against a third party would require a determination of fault, and the award would be based on that fault, instead of a fixed amount.

Contrary to Teem's argument, ORS 656.154 does not create his claims, but specifically excludes his claims from the Oregon Workers' Compensation Law.  His claims were instead created by Oregon's wrongful death statute, ORS 30.020, and common law negligence.  Both types of claim existed long before the Oregon Workers' Compensation Law was enacted in 1965.  ORS 656.001.  A wrongful death statute in Oregon was first passed in 1862.  *Greist v. Phillips*, 322 Or 281, 294 (1995).  By 1862, a common law negligence right of action was well established.  Because Teem's claim has been compensable in Oregon since 1862, it could not have been created in 1965.

ORS 656.154 simply reiterates the employee's right to obtain a remedy under tort law outside the workers' compensation system.  It does not change the character of a negligence claim under Oregon law or supplant it with a statutory claim.  As explained by the Oregon Supreme Court, "the Workers' Compensation Act does not give decedent or plaintiff a statutory right to bring a negligence-based wrongful death action." *Kilminster v. Day Mgmt. Co.*, 323 Or 618, 626, 919 P2d 474, 479 (1996).  There is no precedent to suggest that an employee would, by accepting compensation for her injuries from her employer, lose her right to bring a common law or statutory wrongful death action against the third party who caused her injuries.  This interpretation of ORS 656.154 as recognizing the existence of an employee's preexisting right against third parties does not render the section meaningless.

Another district court has reached the same conclusion.  In *Bonney v. Canadian Nat'l R.R. Co.*, 100 FRD 388 (D Me 1983), the personal representative of an employee who was insured under the Maine Workers' Compensation Act sued a third-party for wrongful death in

state court. After the defendant removed the case to federal court, the plaintiff filed a motion to remand under § 1445(c). Denying that motion, the court reasoned as follows:

> The Maine Workers' Compensation Act, however, does not create the legal liability of a third-person for injury to an insured employee. This is necessarily so because under the workers' compensation statute, an employee injured under circumstances creating in some person other than his or her employer a legal liability to pay damages in respect thereto does not, by claiming and accepting compensation from his or her employer, lose his or her right to bring a common law action against such other person. The employee loses such right only as to his or her employer.
>
> Any suit for personal injuries or consequent wrongful death brought by an employee against a third-party tortfeasor is therefore brought under Maine's substantive law governing tort-related causes of action. An action for wrongful death does not arise out of or under the Worker's Compensation Act.

*Id* at 390 (citations omitted).

Just as in *Bonney*, the claims in this case for negligence against parties other than the employer should be excluded from the Oregon Workers' Compensation Law. The provision allowing the claim, ORS 656.154, is not a "workmen's compensation law" as intended by § 1445(c), but instead reinforces and reiterates the common law.

To support his argument, Teem points to ORS 656.018(7), which specifically refers to an "exclusive remedy":

> The exclusive remedy provisions and limitation on liability provisions of this chapter apply to all injuries and to diseases, symptom complexes or similar conditions of subject workers arising out of and in the course of employment whether or not they are determined to be compensable under this chapter.

Read in context, this provision does not assist Teem. It is the last subpart of ORS 656.018, which concerns the exclusive liability of the employer to the injured employee. Nearly every subpart refers specifically to the employer's liability and has nothing to do with the

8 – FINDINGS AND RECOMMENDATION

liability of any third party.  *See Kilminster*, 323 Or at 624, 919 P2d at 477 (the exclusive remedy provision of ORS 656.018 precludes a wrongful death claim against the employer).

Teem also cites ORS 656.012(2)(e), one of the legislative findings and policy goals behind the Oregon Workers' Compensation Law, that it provides "the sole and exclusive source and means" for injured workers to "seek and qualify for remedies."  That statute does not require remand.  As stated in ORS 656.012(1)(c), "[a]n exclusive, statutory system of compensation will provide the best societal measure of those injuries that bear a sufficient relationship to employment to merit incorporation of their costs into the stream of commerce."  By providing an exception in ORS 656.154 for claims against third parties, the Oregon Legislature decided that such claims did not "bear a sufficient relationship to employment" to merit inclusion in the "exclusive, statutory system."

Teem also argues that resolution of this action will require the court to examine and construe several provisions of the Oregon Workers' Compensation Law.  He first points to ORS 656.578 which provides that:

> If a worker of a noncomplying employer receives a compensable injury in the course of employment, or if a worker receives a compensable injury due to the negligence or wrong of a third person (other than those exempt from liability under ORS 656.018), entitling the worker under ORS 656.154 to seek a remedy against such third person, such worker or, if death results from the injury, the other beneficiaries shall elect whether to recover damages from such employer or third person.

ORS 656.580(2) creates a lien against the employee's cause of action against the employer or a third party.  ORS 656.583(1) allows the employer's workers' compensation insurer to require the employee to exercise his right under ORS 656.578.  Teem argues that Legacy's workers' compensation insurer (SAIF) has a lien against any and all non-economic damages awarded in this action.  Although true, the determination of the amount of that lien is

not the right or immunity referred to by the Supreme Court in *Gully*, 299 US at 112, as arising under federal law.

Whether defendants were negligent and caused injury to Mrs. Teem turns on whether they owed a duty to Mrs. Teem and breached that duty in driving and maintaining the truck that caused the accident. Determination of the applicability ORS 656.578, ORS 656.580(2), and ORS 656.583(1) regarding the rights of SAIF are not essential to Teem's claim. These sections create a right of action for SAIF to enforce its lien against any damages awarded in this case. But SAIF is not a party to this case, and those statutes will not be construed until that right is enforced.

Teem also seeks summary judgment that the alleged noneconomic damages are not subject to a cap under ORS 31.710(1) because his claims derive from the Oregon Workers' Compensation Law. However adjudication of this motion will require construction of the phrase "subject to" used in ORS 31.710, not any provision of the Oregon Workers' Compensation Law.

Accordingly, § 1445(c) does not bar removal to this court.

## RECOMMENDATION

For the reasons stated, Teem's Motion to Remand (docket #6) should be DENIED.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Tuesday, May 26, 2015. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

///

///

///

10 – FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

DATED May 6, 2015.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
