UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KENNETH TEEM, personal representative for
Luby C. Teem, deceased,

                        Plaintiff,

      v.

CHANCE E. DOUBRAVSKY; and DENNIS E.
BEEKS, dba DENNIS E. BEEKS TRUCKING,

                 Defendants.

Case No. 3:15-cv-00210-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## **INTRODUCTION**

On August 19, 2013, defendant, Chance E. Doubravsky ("Doubravsky"), was driving a commercial log truck owned by defendant, Dennis E. Beeks, dba Dennis E. Beeks Trucking ("Beeks"), when the truck tipped, spilling logs into the roadway. The logs struck the vehicle being driven by Luby C. Teem ("Mrs. Teem") at the request of her employer, Legacy Auto Group, Inc. ("Legacy"). Mrs. Teem died from injuries caused by the spilled logs.

Plaintiff, Kenneth Teem, the personal representative for the estate of his late wife, filed this wrongful death action under ORS 30.020 against defendants in Multnomah County Circuit Court on October 16, 2014. Notice of Removal (docket #1), Attach. 1. The workers'

1 – FINDINGS AND RECOMMENDATION

compensation carrier for Legacy, SAIF, accepted the estate's claim and began paying spousal

benefits to plaintiff in September 2013.  *Id*, Attach. 5 ("DeWeese Decl.," Ex. B).  SAIF has a lien

against any damages awarded to plaintiff in this lawsuit.  DeWeese Decl., Ex. C.

This court denied plaintiff's motion for partial summary judgment on the issue of

whether the $500,000.00 limitation on noneconomic damage awards in ORS 31.710(1) applies to

his claims filed under ORS 30.020.  Now plaintiff has filed a motion under 28 USC § 1292(b) to

certify for an interlocutory appeal the question of what, if anything, "subject to" means in

ORS 31.710(1).

## **STANDARDS**

Pursuant to 28 USC § 1291, appellate review is only available after a district court enters

a final judgment.  However, the Interlocutory Appeals Act, 28 USC § 1292, provides a limited

exception to this final judgment rule.  It authorizes district courts to certify an order for

interlocutory appeal when a district judge believes "that such order involves a controlling

question of law as to which there is substantial ground for difference of opinion and that an

immediate appeal from the order may materially advance the ultimate termination of the

litigation."  28 USC § 1292(b).

District court judges have "unfettered discretion" to deny certification even when all

three of these statutory criteria are satisfied.  *Nat'l Asbestos Workers Med. Fund v. Philip

Morris, Inc.*, 71 F Supp2d 139, 146, 162 (EDNY 1999), citing *Exec. Software N. Am., Inc. v.

U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F3d 1545, 1550 (9th Cir 1994) (district court's

certification decision is "unreviewable"), *overruled on other grounds by Cal. Dep't of Water

Res. v. Powerex Corp.*, 533 F3d 1087 (9th Cir 2008).  Additionally, the Ninth Circuit has

cautioned that 28 USC § 1292(b) "is to be applied sparingly and only in exceptional

circumstances." *United States v. Woodbury*, 263 F2d 784, 788 n11 (9th Cir 1959).  The legislative history makes clear that 28 USC § 1292(b) "was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation," as in "antitrust and similar protracted cases," and "was not intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F2d 784, 785 & n2 (9th Cir 1966).

## FINDINGS

### I.    Controlling Question of Law

A "question of law" is "controlling" under 28 USC § 1292(b) if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F2d 1020, 1026 (9th Cir 1982).  A "question of law" means a "pure" question of law, not a mixed question of law and fact or an application of law to a particular set of facts. *See Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F3d 674, 676-77 (7th Cir 2000).  It allows the appellate court to decide the question "quickly and cleanly without having to study the record" and "without having to wait till the end of the case." *Id* at 677.

Defendants do not dispute that the applicability of the $500,000.00 cap to Teem's non-economic damages is a pure question of law that materially affects the eventual outcome of this litigation.

### II.    Substantial Ground for Difference of Opinion

The statute at issue, ORS 31.710(1), provides as follows:

> *Except for claims subject to ORS 30.260 to 30.300 and ORS chapter 656*, in any civil action seeking damages arising out of bodily injury, including emotional injury or distress, death or property damage of any one person including claims for loss of care, comfort, companionship and society and loss of consortium, the amount awarded for noneconomic damages shall not exceed $500,000.

Emphasis added.

This court interpreted the language "subject to . . . ORS chapter 656" in the exception to ORS 31.710(1) as applying to claims governed entirely by, and not existing outside of, ORS chapter 656, Oregon's worker's compensation statutes. Based on that interpretation, plaintiff's wrongful death claim is not "subject to" ORS chapter 656 and, thus, it is not exempt from the damages cap in ORS 31.710(1).

A "substantial ground for difference of opinion" exists when "the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F3d 629, 633 (9th Cir 2010). That situation traditionally arises when "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id* (internal quotation and citation omitted). Plaintiff does not rely on any ruling that conflicts with this court's interpretation of ORS 31.710(1),[1] but instead asserts that this case presents a novel and difficult question of first impression. *Reese v. BP Exploration (Alaska) Inc.*, 643 F3d 681, 688 (9th Cir 2011) ("[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.").

Although other courts also have applied the damages cap in ORS 31.710 to a wrongful death claim,[2] plaintiff made a new argument to this court on which he believes fair-minded jurists might disagree. Plaintiff contends that this court failed to give the statutory language *any*

---

[1] Some courts reached contrary conclusions prior to, and without considering, the key ruling by the Oregon Court of Appeals in *Groth v. Hyundai Precision & Ind. Co. Ltd.*, 209 Or App 781, 149 P3d 333 (2006).

[2] *Groth, supra*; *In re Helicopter Crash Near Weaverville, Cal.*, Case No. 3:09-md-2053 (D Or Nov. 16, 2009); *Schwanenberg v. Gen'l Elec. Co.*, Multnomah Circuit Court Case No. 1002-02742 (Judge Stephen K. Bushong).

*effect* as required by ORS 174.010 ( "where there are several provisions or particulars such construction [of a statute] is, if possible, to be adopted as will give effect to all."). Noting that it "may be duplicative for ORS 31.710(1) to exclude claims subject to both the OTCA and ORS chapter 656 because those statutes already limit recoverable damages," this court concluded that "such duplication by mutually exclusive statutes does not render the duplication meaningless." Findings and Recommendations (docket #38), p. 8. Contrary to plaintiff's argument, this court found that this statutory duplication did not entirely lack any effect.[3] The effect of excluding worker's compensation claims from the damages cap of ORS 31.710(1) was to reiterate that the damages recovered with a worker's compensation claim are capped as set forth in ORS chapter 656, not ORS 31.710(1). Therefore, this court did not reach its conclusion based on an erroneous statement of the law, an incorrect premise, or a failure to discuss, analyze or apply controlling law.

Nonetheless, this court recognizes that reasonable minds may disagree as to the effect of excluding worker's compensation claims from the damages cap in ORS 31.710(1) and also separately limiting recoverable damages within the worker's compensation statute. However, "[a] party's strong disagreement with the [c]ourt's ruling is not sufficient for there to be a 'substantial ground for difference.' That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F3d at 633, citing *Bush v. Adams*, 629 Supp2d 468, 475 (ED Pa 2009); *Hansen v. Schubert*, 459 F Supp2d 973, 1000 (ED Cal 2006); *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 233 F Supp2d 16, 19–20 (D DC 2002). Thus, plaintiff has failed to establish the requisite substantial ground for difference of opinion.

---

[3] Plaintiff fails to explain how this court's use of the word "meaningless" somehow has a different meaning than lacking effect. The second definition of "meaningless" is "having no real importance or value." Merriam-Webster's Collegiate Dictionary (11th edition), *available at* http://www.merriam-webster.com/dictionary/meaningless.

**III.**     <u>**Materially Advance Termination of Litigation**</u>

       Certification is also not warranted because it will not materially advance the ultimate termination of this litigation.

       First, an interlocutory ruling will not change the nature of any eventual trial. Whether or not the cap applies, plaintiff will be allowed, and expected, to present the full evidence of non-economic damages because the jury cannot be informed of the cap. *See* ORS 31.710(4). Instead, the court applies the damages cap to the jury's award afterwards. And if plaintiff succeeds in appealing that award, the ultimate result would be enforcement of the jury's verdict. There would be no need for another trial, and the ultimate conclusion of this litigation would not be prolonged. Thus, the length and the complexity of this action would be unaffected by certification.

       Second, if defendants succeed on their cross-claims against third-party defendant Gully Logging, LLC ("Gully Logging"), the court may not reach the issue of plaintiff's damages. Defendants have filed an impleader claim against Gully Logging alleging that it is liable for Mrs. Teem's death. Amended Third-Party Complaint (docket #58). Gulley Logging hired Beeks to transport the logs that later killed Mrs. Teem, and its employees allegedly loaded and secured the logs on the truck driven by Doubravsky. *Id*, ¶¶ 3, 5. Plaintiff has yet to file a separate claim against Gully Logging. If he does not and if the court rules that Gully Logging is the only liable party, then the court will have to dismiss this action before determining plaintiff's damages.

       Plaintiff argues that certification will increase the chances of this case settling without trial. However, 28 USC § 1292(b) applies only to "extraordinary cases" requiring "protracted and expensive litigation." *U.S. Rubber Co.*, 359 F2d at 785. It certainly does not exist to increase a party's leverage during settlement negotiations. This action is not typical of a

complex or expensive litigation, such as an antitrust case. There are very few, if any, legal issues remaining in this action, and a trial will only require two to three days.

Plaintiff's failure to meet two of the three statutory requisites for certification prevents this court from certifying the question to the Ninth Circuit. Certification under 28 USC § 1292(b) requires the district court to expressly find in writing that all three requirements are met. *Couch*, 611 F3d at 633. For this reason, plaintiff's motion should be denied.

## RECOMMENDATION

For the reasons stated, plaintiff's Motion for Interlocutory Appeal (docket #48) should be denied.

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due Monday, January 25, 2016. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED January 7, 2016.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge